IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JOHNNY LEE READER, #17905-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:14cv741 |
| | | CRIM. NO. 4:10CR00139-002 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Johnny Lee Reader, an inmate confined at F.C.I. Forrest City Medium, brings this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The case was referred for findings of fact, conclusions of law and recommendations for the disposition of the motion.

Background

On July 11, 2012, after a plea of guilty and pursuant to a written plea agreement, Reader was sentenced to 325 months of imprisonment for the offense of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On appeal, his attorney filed a no merit brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Reader filed a response. The Fifth Circuit conducted its own review of the record and concurred with counsel's assessment that the appeal presented no nonfrivolous issue for appellate review; thus, the appeal was dismissed. *United States v. Reader*, 519 F. App'x 302 (5th Cir. 2013).

The present motion was filed on November 14, 2014. Reader simultaneously filed a memorandum in support of the motion (docket entry #3). He presents the following grounds for relief:

1. The Court abused its discretion by failing to read the factual basis into the record to inform him and thereby allow him to knowingly enter his guilty plea pursuant to Federal Rules of Criminal Procedure, Rule 11(c);

1

2. Trial counsel violated his right to counsel and abandoned his Fifth Amendment [right] to counsel by waiving the reading of the factual basis into the record during the colloquy proceedings;

3. Sentencing counsel was ineffective and abandoned his Sixth Amendment right when denying and depriving him of effective assistance of counsel during the sentencing proceeding; and

4. Appellate counsel rendered ineffective assistance on direct appeal by depriving him a full and fair opportunity to exhaust two recent Supreme Court decisions that were issued while his case was pending on direct review.

The Government filed a response (docket entry #8) on March 17, 2015. Reader filed a reply (docket entry #12) on June 1, 2015.

## Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). The movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The role of § 2255 has been defined by the Fifth Circuit as follows:

> Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

*United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). "Section 2255 does not reach errors of constitutional or jurisdictional magnitude that could have been reached by a direct appeal." *Id.*

In his first ground for relief, Reader alleges the Court abused its discretion by failing to have the factual basis for the offense read into the record. In his memorandum, he slightly changed the wording of his claim. He asserts that he is entitled to relief because the Court failed to advise him of the nature of the charges to which he was pleading guilty by failing to read the factual basis into the record. The Government, in response, argued that the claim is barred from collateral review because it was raised and rejected on direct appeal. The Government, in the alternative, argued that any error on the part of the Court in allowing the waiver of the reading of the factual resume was harmless.

Reader presented two claims to the Fifth Circuit on direct appeal in his *pro se* brief. In his second claim, he argued that the trial court abused its discretion under Rule 11 by failing to have the factual basis read into the record. He asserted that the factual basis for his plea should have been read into the record in order to determine if his guilty plea was knowingly, intelligently and voluntarily entered. The Fifth Circuit rejected the claim in dismissing the appeal as frivolous. Issues that were raised and rejected on direct appeal are barred from consideration on collateral review. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004). An exception exists when there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333 (1974). The exception does not apply in this case. Reader is barred from relitigating the claim on collateral review.

Reader's first claim should be rejected for the additional reason that it lacks merit. Federal Rule of Criminal Procedure 11 requires federal district courts to "address the defendant personally in open court" before accepting the defendant's plea and to inform the defendant of, and determine that he understands, certain facts relating to the voluntariness and intelligence of his plea. Among other things, a court must determine whether the defendant understands the nature of each charge to which he is pleading. Fed. R. Crim. P. 11(b)(G). "Any variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). A defendant's

3

substantial rights are affected if the district court's Rule 11 errors "may reasonably be viewed as . . . a material factor affecting [the defendant's] decision to plead guilty." *United States v. Bachynsky*, 934 F.2d 1349, 1360 (5th Cir. 1991) (en banc).

In the present case, in order to insure that Reader fully understood "the nature of the charges," the Court required the Government to read the charge and the elements of the charge to Reader, and he stated that he understood both. PH Tr. 6-7.[1] The Court reviewed the statutory penalties faced by Reader. *Id.* at 8. Reader was advised that he was facing a sentence from ten years to life. *Id.* Reader stated that he had no questions about the possible penalties he could receive. *Id.* at 9. The Court then reviewed the guideline stipulations he made in the plea agreement. *Id.* at 12. The Court advised Reader that under the plea agreement the "base offense level is a 38, based on possessing with intent to distribute 150 kilograms or more of a mixture or substance containing a detectable amount of cocaine." *Id.* Reader stated that he understood he was going to be held responsible for 150 kilograms of cocaine. *Id.* Reader's claim in his motion that he did not understand that he was going to be held responsible for 150 kilograms of cocaine is disingenuous in light of his testimony. Reader further stated that there were no promises made to him to induce him to enter a plea of guilty other than those in the plea agreement. *Id.* at 15. Reader stated that he had read and understood the factual statement. *Id.* at 17. He specified that he did not object to the waiver of the reading of the factual statement. *Id.* He further specified that he acknowledged or agreed with the facts in the factual statement. *Id.* at 18. The Court then formally entered the factual statement into the record. *Id.* Under these circumstances, any error on the part of the Court in allowing the waiver of the reading of the factual statement was harmless. Overall, the first ground for relief is barred from collateral review and devoid of merit.

---

[1] "PH Tr." refers to the transcript of the change of plea hearing, which is docket entry number 171 in Criminal Number 4:10-CR-00139(2).

Reader's second ground for relief is related to his first ground. He argues that his attorney violated his right to counsel and abandoned his Fifth Amendment right to counsel by waiving the reading of the factual statement into the record during the guilty plea colloquy. In his memorandum, he cited the Sixth Amendment, as opposed to the Fifth Amendment, as the basis of his ineffective assistance of counsel claim. The Supreme Court's standard in evaluating ineffective assistance of counsel claims was announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* provides a two-pronged standard, and a petitioner bears the burden of proving both prongs. *Id.* at 687. Under the first prong, he must show that counsel's performance was deficient. *Id.* To establish deficient performance, he must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. Under the second prong, the petitioner must show that his attorney's deficient performance resulted in prejudice. *Id.* at 687. To satisfy the prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. An ineffective assistance of counsel claim fails if a petitioner cannot satisfy either the deficient performance or prejudice prong; a court need not evaluate both if he makes an insufficient showing as to either. *Id.* at 697.

In the present case, Reader has offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a collateral attack on his conviction. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). The Court further observes that attorneys in guilty

plea proceedings regularly waive the reading of the factual statement; thus, counsel's performance in doing the same in this case did not fall below an objective standard of reasonableness. Reader has not shown that his attorney's representation with respect to waiving the reading of the factual statement was deficient. He likewise failed to show prejudice. To demonstrate prejudice in the context of a guilty plea, a petitioner must show that there is a reasonable probability that, but for counsel's errors, he would have not pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Reader has not made the requisite showing. His ineffective assistance of trial counsel claim lacks merit.

Reader's third ground for relief is another ineffective assistance of counsel claim. This time, he alleges that Mr. James Richard Dunn, Jr., his attorney during the sentencing proceeding was ineffective. In support of the claim, he complained that Mr. Dunn failed to honor a request to file a sentencing memorandum challenging the initial offense guideline range of 38. Mr. Dunn specifically told him that he would not file written objections to the presentence investigation report prepared by his previous attorney, Mr. Gerald Jerome Smith, Jr., contesting the 150 kilograms of cocaine. The Court is of the opinion that Mr. Dunn's refusal to challenge the quantity of drugs was reasonable under the circumstances. The quantity of cocaine was agreed to by the parties in the plea agreement. The plea agreement was signed by Reader. The Court reviewed this provision in the plea agreement when Reader pled guilty. Reader was reminded that under the plea agreement the "base offense level is a 38, based on possessing with intent to distribute 150 kilograms or more of a mixture or substance containing a detectable amount of cocaine." PH Tr. 12. Reader stated that he understood he was going to be held responsible for 150 kilograms of cocaine. *Id.* In light of these developments, Reader's new attorney did not have any basis to lodge an objection to the quantity of cocaine and the corresponding base offense level of 38. Counsel was not required to make frivolous or futile motions or objections.

*Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch*, 907 F.2d at 527. *See also Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (the "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite."). Furthermore, Reader cannot show prejudice in light of the fact that he had previously entered into an agreement stipulating that he would be responsible for 150 kilograms of cocaine. Neither *Strickland* prong is satisfied by the facts of this case. The ineffective assistance of counsel during sentencing claim lacks merit. Ground for relief number three should be denied.

Reader's final ground for relief is another ineffective assistance of counsel claim. This time he alleges that his appellate attorney was ineffective. The two-prong *Strickland* test also applies to claims of ineffective assistance of appellate counsel. *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). Reader argues that his appellate attorney was ineffective because he failed to supplement his *Anders* brief to include two Supreme Court decisions that were allegedly issued while his case was pending on direct review. The two cases are *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Peugh v. United States*, 133 S. Ct. 2072 (2013). Reader has misrepresented the facts. Counsel submitted the *Anders* brief on November 21, 2012. Reader submitted his *pro se* brief on January 2, 2013. The Fifth Circuit decided Reader's appeal on May 7, 2013. Counsel was permitted to withdraw from the case at that time. *Alleyne* was not decided until more than a month later on June 17, 2013. *Peugh* was decided on June 10, 2013. Counsel was not ineffective for failing to supplement the *Anders* brief with these two cases after the Fifth Circuit had already decided Reader's appeal and permitted him to withdraw from the case.

The Court further observes that *Alleyne* does not apply retroactively. *United States v. Olvera*, 775 F.3d 726, 730 (2015). Moreover, *Alleyne* simply does not apply to Reader's case. The Supreme Court held that any fact, other than a prior conviction, that increases the statutory minimum sentence

7

must be alleged in the indictment and proved beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2160. Here, Reader agreed that he was responsible for 150 kilograms of cocaine, which gave him a base offense level of 38. It has nothing to do with an increase in the statutory minimum sentence.

*Peugh* likewise provides no benefit to Reader. The Supreme Court held that the Ex Post Facto Clause is violated when a defendant is sentenced under guidelines promulgated after he committed his criminal acts and the new version provides higher applicable guidelines than the version in place at time of the offense. *Peugh*, 133 S. Ct. at 2081-82. In this case, the PSR specifically compared the guidelines in effect at the time the instant offense was committed and those in effect at the time of sentencing, and it was determined that the guidelines in effect at the time of sentencing would not violate the Ex Post Facto Clause. PSR ¶ 27. Thus Reader is not entitled to relief based on *Peugh*. Reader's ineffective assistance of appellate counsel claim lacks merit.

In conclusion, none of Reader's claim have any merit. The § 2255 motion should be denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Reader has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Reader's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that the Jackson is not entitled to a certificate of appealability as to his claims.

Recommendation

It is recommended that Reader's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 17th day of June, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE